12-1148 (L)
Kowengian v. Holder

BIA
Hom, IJ
A098 769 469

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand thirteen.

PRESENT:
>       PETER W. HALL,
>       DENNY CHIN,
>       CHRISTOPHER F. DRONEY,
>           *Circuit Judges.*

_____

FERY KOWENGIAN,
>       *Petitioner*

>       v.                                    12-1148 (L);
                                              12-1151 (Con),
                                              12-1152 (Con)
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Jay Ho Lee, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Linda S. Wernery,
                       Assistant Director; Gerald M.

**Alexander, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner, Fery Kowengian, a native and citizen of Indonesia, seeks review of the BIA's November 4, 2009 decision denying his motion to reopen and the BIA's October 30, 2008 decision denying his motion to reopen and for reconsideration, and the BIA's April 30, 2008 decision affirming the April 2, 2007 decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fery Kowengian*, No. A098 769 469 (B.I.A. Nov. 4, 2009); *In re Fery Kowengian*, No. A098 769 469 (B.I.A. Oct. 30, 2008); *In re Fery Kowengian*, No. A098 769 469 (B.I.A. Apr. 30, 2008), *aff'g* No. A098 769 469 (Immig. Ct. N.Y. City Apr. 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

## I. Petition for Review Under Docket Number 12-1148

We have reviewed the BIA's decisions and the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Although Kowengian does not challenge, and we thus do not consider, the IJ's denial of CAT relief or the finding that Kowengian failed to establish past persecution, he argues that he demonstrated a well-founded fear of future persecution based on a pattern or practice of persecution of Christians in Indonesia. To establish such a pattern or practice of persecution against a particular group, a petitioner must demonstrate that the harm to that group constitutes persecution, is perpetrated or tolerated by

2

state actors, and is "so systemic or pervasive as to amount to a pattern or practice of persecution." *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 93 (2d Cir. 2007) (accepting the BIA's standard as a reasonable one, while noting that "[w]ithout further elaboration [the standard does not make clear] how systemic, pervasive, or organized persecution must be before the Board would recognize it as a pattern or practice").

According to the State Department's 2006 Country Report and International Religious Freedom Report relied on by Kowengian, attacks on churches occurred with little to no resistance from police, and shari'a laws were increasingly adopted by regional governments. However, those reports note significant efforts by the Indonesian government to mitigate the tension between Muslims and Christians and that the shari'a laws were enforced only against Muslims. Moreover, a 2005 State Department Issue Paper provides that "in most parts of Indonesia, people are generally able to worship as they wish with no interference from the state or their neighbors of other faiths."

Because these reports indicate that the sporadic interreligious violence did not affect all provinces of Indonesia, and Kowengian testified that he lived near predominately Chinese Christian communities, the IJ reasonably found that he failed to meet his burden of showing that he could not safely relocate within Indonesia. That finding undermined Kowengian's proof of fear of persecution. *See* 8 C.F.R. § 1208.13(b)(3)(i). The IJ also reasonably found that the lack of evidence that Kowengian's wife, who lives in Indonesia, is ethnic Chinese, and practices Christianity, has been harmed or targeted further undercut Kowengian's proof of fear of future persecution. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir. 1999) (finding that asylum applicant's fear of future persecution was diminished when similarly-situated relatives continued to live in applicant's native country without harm). Given the isolated nature of the interreligious violence, the IJ reasonably found that the harm Christians suffered was not so severe and pervasive to constitute a pattern or practice of persecution. *See Santoso v. Holder*, 580 F.3d 110, 111-12 (2d Cir. 2009) (upholding agency's rejection of pattern or practice claim when background

3

materials noted only sporadic religious violence against Christians in Indonesia).

Because Kowengian was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

## II. Petition for Review Under Docket Numbers 12-1151 and 12-1152

**12-1151.** Because Kowengian explicitly declines to challenge the BIA's denial of his first motion to reopen and reconsider, the petition for review docketed under 12-1151 is denied.

**12-1152.** The BIA's denial of Kowengian's second motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. §§ 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Kowengian's May 2009 motion was untimely, as his final administrative order was issued in April 2008. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply to a motion to reopen, however, if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

The BIA reasonably concluded that Kowengian failed to establish changed circumstances for ethnic Chinese Christians in Indonesia. Contrary to Kowengian's argument, his evidence, which included an expert affidavit and various articles, was cumulative of evidence presented at his merits hearing, which also addressed sporadic attacks on churches and the passage of shari'a laws. The BIA also reasonably found that this evidence did not demonstrate that there had

been a material change in the treatment of Christians and ethnic Chinese in Indonesia because: (1) the expert affidavit asserted that a change *was likely* to occur but had not yet occurred; and (2) evidence of increased support of radical Islam and economic and political instability as the possible impetus for a future pogrom did not prove that Christians or ethnic Chinese currently were being harmed in Indonesia. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's factual findings under the substantial evidence standard).

Because the evidence Kowengian submitted was insufficient to establish a change in country conditions, he failed to meet an exception to the filing deadline. The BIA did not abuse its discretion in denying his motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petitions for review are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk